DJW/1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICHARD GREENLEE,**

        **Plaintiff,**

        **CIVIL ACTION**

v.

        No. 10-2525-JTM-DJW

**CHARLES SAMONE
McDERRMONT, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Appoint Counsel (ECF No. 4). For the reasons set forth below, the motion is denied.

Unlike a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis.*[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3] In determining whether to appoint counsel, the district court may consider a variety of factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel."). The Court has granted Plaintiff leave to proceed *in forma pauperis*. *See* Jan. 7, 2009 Order (doc. 5).

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

his/her claims, and (4) the complexity of the legal issues raised by the claims.[4] The court will also consider whether the plaintiff has made a diligent attempt to secure counsel through his/her own efforts.[5] The appointment of counsel under 28 U.S.C. § 1915(e) is appropriate only where the plaintiff is unable to retain counsel through his or her own efforts.[6]

In light of the above, this Court requires that a plaintiff seeking appointment of counsel contact several attorneys to determine whether they would agree to represent the plaintiff. In fact, the Court's form motion for appointment of counsel, which Plaintiff filed in this case, contains the following provision:

> I understand that before the court will consider appointing a lawyer for me I must contact the Lawyer Referral Service, 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111, to get names of lawyers in the Kansas City area (both Missouri and Kansas attorneys) who handle cases like this case.[7]

The form asks the plaintiff to certify that he/she has made a good faith effort to find a lawyer and asks that the plaintiff list the lawyers whom he/she has contacted. Plaintiff left this portion of his motion blank. Thus, it appears that Plaintiff has taken no actions to obtain counsel through his own efforts.

This alone is sufficient basis to deny Plaintiff's motion for appointment of counsel. In such a situation this Court often denies the motion without prejudice so that the plaintiff may contact a

---

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

[5]*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989);

[6]*See, e.g.*, *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). *See also Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (applying rule in employment discrimination case).

[7]Mot. for Appointment of Counsel (ECF No. 4) at. p.1 (emphasis in original)

number of attorneys, if necessary, re-file the motion. In this case, however, the Court is unable to find that Plaintiff's claims have merit sufficient to warrant the appointment of counsel. The minimal and incomprehensible allegations contained in the Complaint do not permit a finding that plaintiff's claims have sufficient merit to warrant the appointment of counsel. The Court has a limited pool of volunteer attorneys and is unable to grant requests for counsel in every case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of September 2010.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties